so were rightly adjudged to be in default. This view is entirely consisent with what is said in *Borchsenius v. Canutson*, 100 Ill. 82.

The judgment was proper and is affirmed.

*Affirmed.*

United States Lithograph Company, Plaintiff in Error v. American Ironing Machine Company, Defendant in Error.

Gen. No. 22,243.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment here. Opinion filed June 26, 1916.

## Statement of the Case.

Action by the United States Lithograph Company, a corporation, plaintiff, against American Ironing Machine Company, a corporation, defendant, to recover a balance due for goods, wares and merchandise sold to defendant under a certain contract. Defendant by its affidavit of defense denied the making of the contract as alleged by plaintiff, alleged the making of another contract covering the same subject-matter, in which plaintiff was in default and consequently indebted to defendant, for which it claimed a set-off for the amount of $190.10. Upon trial by the court, the issues were found for the defendant as to plaintiff's statement of claim and for the plaintiff as to defendant's set-off. To reverse the judgment, plaintiff prosecutes this writ of error and defendant files cross-errors as to its claim of set-off.

The evidence showed that plaintiff was engaged in

the lithographing business at Norwood, Ohio, and that the defendant was located in Chicago. In the fall of 1913, Mr. F. L. Wilke, a Chicago salesman for the plaintiff, called several times upon the defendant and solicited an order for a quantity of lithograph displays, known to the trade as "cutouts." After negotiations defendant placed with Mr. Wilke an order written on one of the printed forms of the defendant. This order was not accepted by plaintiff, which made out an order on one of its own printed blanks, and through its salesman, Mr. Wilke, this latter order was presented to defendant and signed by it. This order, which contained a number of specifications and details, was for 2,000 cutouts at a price of 65 cents each, totaling $1,300. At the bottom of the order, which was printed in part and partly typewritten, was the clause: "Subject to acceptance in City of Norwood, Ohio, by the United States Printing & Lithographing Company, sole sales agent." In reply to this order plaintiff sent to defendant a purported acceptance which in several particulars was not in accord with the terms of the order. Immediately upon receipt of this, defendant wrote to plaintiff noting the variances and asking plaintiff to acknowledge receipt of the latter, "as the order is somewhat at variance with your acknowledgment." To this plaintiff replied, saying: "We did not reply to yours of January 3rd, having referred same to our Chicago office to take up with you." Subsequently Mr. Wilke, of the Chicago office of the plaintiff, called upon defendant to settle the matters raised in the above correspondence. At this and a subsequent interview the defendant, acting through its president, Mr. Grosse, and Mr. Wilke, representing the plaintiff, entered into an oral contract as follows: The defendant agreed to purchase from plaintiff 1,000 cutouts, defendant to pay plaintiff $900 therefor, the whole 1,000 cutouts to be billed and paid for immediately, the cutouts to be kept in storage by the plaintiff and shipped to the

defendant in lots of about 250 at such times as the defendant should call' for them. Subsequently 511 of these cutouts were shipped to and accepted by the defendant, and a bill for 1,000 cutouts was rendered the defendant in March, 1914, for $650, which was paid. Under the oral contract for 1,000 cutouts, 489 more were due to the defendant. Plaintiff did not ship this number but shipped 1,600 cutouts in a single shipment, and insisted upon the defendant accepting the same. No opportunity was given defendant to accept the balance due on its contract for 1,000 cutouts, that is, 489. The defendant refused to accept this shipment from the railroad company.

Plaintiff claimed the existence of a contract of purchase for 2,000 cutouts. Defendant maintained that the only contract made between the parties was the oral contract for 1,000 cutouts, and that as it has advanced payment for cutouts not delivered, it was entitled to recover on its set-off.

CULVER, ANDREWS, KING & COOK, for plaintiff in error.

FYFFE, RYNER & DALE, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 385*—*when evidence insufficient to establish.* In an action to recover a balance claimed to be due for goods sold, evidence examined and *held* insufficient to establish the contract sued upon.

2. CONTRACTS, § 44*—*when acceptance insufficient.* An acceptance which varies from the terms of the proffered contract does not constitute a valid acceptance of such contract.

3. PRINCIPAL AND AGENT, §, 165*—*when principal estopped to repudiate authority of agent.* One who refers another to a third per-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

son as authorized to act for him is estopped to deny the latter's authority to enter into a contract on his behalf.

4. CONTRACTS, § 387*—*when evidence sufficient to show breach.* Evidence examined and *held* sufficient to show a breach of contract.

---

## Max Stricker, Defendant in Error, v. William M. Umbdenstock, Plaintiff in Error.

### Gen. No. 22,294.

CONTRACTS, § 32*—*when element of meeting of minds lacking.* Where the owner of goods in a warehouse directed an insurance solicitor to telephone an order to defendant insurance agent to place insurance on such goods and the solicitor so telephoned, but defendant understood the message to be to insure goods of the owner in another warehouse and so wrote the policy, there was no meeting of the minds of the parties giving rise to a contractual relation between them so as to render defendant liable upon the loss by fire of the goods sought to be insured.

Error to the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment here. Opinion filed June 26, 1916.

FURBER & WAKELEE, for plaintiff in error.

ADLER, LEDERER & BECK, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, alleging loss resulting from the negligent execution of an order for fire insurance given by him to defendant, an agent of the insurance company, upon trial had judgment for eight hundred dollars, which we are asked to reverse.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.